FILED

DEC 30 2021

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Patrina Harrison
650 Eddy Street Unit 207
San Francisco, CA 94109
Tel: (415) 567-8182
harrisonempa@gmail.com
courtsupport@hcopllc.community
2020-000008101022022

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTIRCT OF CALIFORNIA

SAN FRANCISCO DIVISION



CV21-10079

| PATRINA HARRISON, | Case No.: _____ _____ |
| Plaintiff, | |
| vs. | INITIAL COMPLAINT FOR DAMAGES AND INJUCTION |
| IFIT HEALTH & FITNESS; ICON HEALTH & FITNESS/NORDICTRACK; UTS | BENCH TRIAL DEMANDED |
| Defendant | |

Plaintiff Harrison ("Plaintiff"), On Behalf of Herself And Through The Assistance of A Legal Document Assistant Service Provider, Hereby Brings This Legal Action Against IFIT HEALTH & FITNESS; UTS, Icon Health & Fitness and Nordic track collectively, ("Defendants"), alleging  Product Liability Negligence, Breach of Warranty, , Unfair competition, and Breach of Contract.

## I.     JURISDICTION AND VENUE

1.     This Court has Diversity Jurisdiction over this action Pursuant to 28 U.S.C. Section 1332 – Diversity of Citizenship.

2.     This Court has both general and specific personal jurisdiction over the Defendants.

3.     This Court has personal jurisdiction over Defendants because the company has affirmatively established and maintained contacts with the State of California and conduct business  in Daly City California, at Dick's Sporting Goods.

4.     This Court has specific personal jurisdiction arising from Defendants' Decision to advertise and sell the products in the City And County of San Francisco, California.  Defendants have minimum contacts within this State and sufficiently avails itself to the markets of this State through its sales, and marketing of the products and goods to consumers within the State of California.

5.     Venue Is Proper In Northern District, San Francisco Division, Pursuant To

- 1 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

28 U.S.C. Section 1391(B) Because A Substantial Part Of The Events Or Omissions

Given Rise To The Claims Of This Case Occurred In This Venue.  "Section 410.10

manifests the intent that California Courts exercise the broadest possible jurisdiction

over nonresidents, limited only by constitutional considerations. Sibley v. Superior

Court, 16 Cal. 3d 442,445, 128 Cal. Rptr. 34, 546 P.2d 322 (1976).

## II.    <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

6.    Notice of lawsuit was issued to Defendants in this case on February 4,

2021, and Defendants forwarded a reply on February 12, 2021, without offering to

remedy the claims arising within this lawsuit.

7.    Plaintiff has timely filed this action and have complied with all

administrative prerequisites to bring this lawsuit.

## III.    <u>IDENTIFICATION OF PARTIES</u>

8.    Patrina Harrison, ("Plaintiff") is  an asthma and allergy suffer, and resides

in the City and County of San Francisco, within the State of California.

9.    Plaintiff is a foreseeable consumer and user of the Nordic track 2450

Commercial, and the Freemotion Treadmills, of which the Defendants manufacture, and

privity is not required between the parties.

10.    IFIT Health & FITNESS, (Formally) ICON Health & Fitness,

Inc./Nordictrack, and UTS are Collectively ("Defendants"), and the manufacturers of

- 2 -

Nordic track 2450 Commercial and Freemotion Treadmills, and all Defendants reside in Logan, Utah.  UTS is a department of ICON Health & Fitness, Inc./Nordictrack.

11.     Upon information and belief, Defendants are the manufacturer, extended warranty provider, and commercial supplier who introduced the Nordic Track 2450 Commercial, and Freemotion Treadmills, into the stream of commerce, to the retailer, Dick's Sporting Goods, and Fitness Warehouse Direct, of whom sold the treadmills to Plaintiff.

12.     Upon information and belief, Defendants are the extended warranty provider, and  commercial supplier of Nordic Track 2450 Commercial, and Freemotion Treadmills because they are the manufacturer of both treadmills.

13.     California Uniform Commercial Code – COM §2106. "contract" and "agreement" are limited to those relating to the present or future sale of goods.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiff went to Dick's Sporting Goods in Daly City California after reading an advertisement for treadmills for sale on its website.   On January 16, 2021, to purchase a treadmill that did not emit any kind of chemical odors, and for which would be safe for Plaintiff to use, since she was an allergy and asthma suffer. As Plaintiff continued to expressed her intended use for the purchase of the treadmill, which was walking, running and deep breathing (Aerobic Exercise).

- 3 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

15.     The store manager told Plaintiff she had the right treadmill to accommodate her asthma and allergy condition needs, and for which would be a safe treadmill for Plaintiff  to use for walking, running and deep breathing, aerobic exercise.

16.     The store manager showed Plaintiff a sample model of the Freemotion Treadmill, and told Plaintiff to inspect the treadmill by smelling it, since it did not give off any kind of chemical odors.  Plaintiff smelled the Freemotion Treadmill, and found it to not give off any kind of chemical odors.

17.     The store manager than told Plaintiff that Dick's Sporting Goods,  had discontinued the sales of the Freemotion Treadmill, but  instead, now sell the  Nordic Track 2450 Treadmill.

18.     The store manager described the Nordic Track Commercial 2450 treadmill to Plaintiff, as being very similar to the Freemotion Treadmill, as it did not emit any kind of chemical odors, because both treadmills were produced by the same manufacturer, and neither treadmill gave off any kind of chemical odor.

19.     The store manager than told Plaintiff that the store did not have a Nordic Track Commercial 2450 on site to for her to inspect, but she  could order the treadmill from the manufacturer, for Plaintiff, and if she was not fully satisfied with the Nordic Track 2450 Commercial Treadmill, it could be returned, and picked up with a full refund.

20.     In reliance on the store manager's description of the Nordic track 2450 Treadmill Commercial, and the sample model of the Freemotion Treadmill, Plaintiff

- 4 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

purchased the Nordic Track Commercial 2450 Treadmill, with a one year manufacturer warranty at the price of $2,299.99, with an additional assembly and delivery fees added in the amount of $135.00,for delivery to Plaintiff's residence.

21.    On January 29, 2021, the Nordic Track Commercial 2450 Treadmill arrived at Plaintiff 's residence. The Delivery person, gave Plaintiff the instructional manual, while he left the premises to retrieve tools to assemble the treadmill.  During that time span, Plaintiff read the entire instructional manual, and did not see any warnings mentioned to asthmatics or allergy suffers about  the off gassing of chemical odors, and/or the  potential of harm from such chemical emissions.

22.    Upon returning to Plaintiff's residence,  Plaintiff told the delivery person that she did not see any kind of warnings to asthma and allergy suffers, so it was okay to assemble the treadmill.  The deliver person assembled the treadmill, and Plaintiff gave him a $40.00 tip.

23.    After the delivery person assembled the Nordic Track Commercial 2450 Treadmill, he exited  Plaintiff's residence.

24.    Plaintiff turned on the treadmill, and started a brisk walk, and deep breathing exercise session. Within 15 minutes of Plaintiff's  aerobic exercise session on the treadmill, a burst of hot, steaming, offensive, chemical odor immediately started to emitted from the  internal console of the treadmill, resulting in  Plaintiff inhaling all such chemical fumes, immediately resulting in  Plaintiff experiencing shortness of breath,

- 5 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

uncontrollable coughing, itching throat, dizziness, burning eyes, and burning nostrils, all caused from exposure to the chemical odor that was emitted from the treadmill's console, for which Plaintiff inhaled while briskly walking and doing deep breathing exercises.

25.     30 minutes after the treadmill had been turned off, Plaintiff's entire rental apartment, smelled of an offensive, chemical odor, that continued to emit and linger from the treadmill's console, resulting in Plaintiff suffering injuries of exacerbation of asthma and allergy symptoms, for the duration of the Nordic Track Commercial 2450 storage stay, inside of Plaintiff's rental apartment.

26.     Plaintiff was injured from the chemical odor expelling from the internal console of the Nordic Track Commercial 2450 Treadmill.

27.     Plaintiff  called Dick's Sporting Goods on January 29, 2021, to have the treadmill returned to the store.  The Store manager said that the next available pick up date for a return back to the store would be on  February 28, 2021.  In response, Plaintiff, told the store manager that she had became very ill from the chemical emissions coming from the internal  components of the treadmill, and needed the treadmill to be picked up and return to the store immediately.  The store manager declined Plaintiff's request for an earlier pick up and return date.

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

28.     In efforts to mitigate damages, Plaintiff hired a moving company, paying a total of $494.00, plus a tip of $140.00, on February 9, 2021, to have the treadmill picked-up and returned to Dick's Sporting Goods, in Daly City, California.

29.     As a result of the exposure to the offensive, chemical odor emitting from the internal components of the treadmill, Plaintiff suffered injuries, exacerbated asthma and allergy symptoms, and an economic loss of $634.00 dollars.

30.     Plaintiff purchased a Freemotion Treadmill from Fitness Warehouse Direct on July 8, 2021, for a cost of  $1,975.50, and a tip of $120.00, which included delivery, assembly, and an option for an extended manufacturer warranty through ICON HEALTH AND FITNESS.

31.     On July 10, 2021, Plaintiff Purchased an Extended Service Plan from ICON HEALTH AND FITNESS for a term of 4 years, at a cost of $279.99, for her Freemotion Treadmill through UTS, owned by ICON HEALTH AND  FITNESS.

32.     On July 11, 2021, Plaintiff requested service from UTS, for her Freemotion Treadmill, because the incline had vigorously shaken while Plaintiff was walking, injuring Plaintiff's feet.

33.   A service appointment was set for August 8, 2021, and when the technician arrived, he said that the incline motor needed replacing, but the replacement incline motor that ICON HEALHT AND FITNESS, had provided was not the correct one for the Freemotion Treadmill. Instead, he said that the incline motor that was provided was for

- 7 -

the  Nordic Track 2450 Commercial Treadmill; Therefore, it would  not fit the Freemotion Treadmill.  The technician told Plaintiff to call ICON HEALTH AND FITNESS, have them send the correct incline motor and he would return to install it once it was received by Plaintiff.

34.     On July 11, 2021, Plaintiff called ICON HEALTH AND FITNESS, and was told that the Extended Service would not cover her Freemotion Treadmill, but instead it only provided coverage for the Nordic Track Commercial 2450 Treadmill only, and there were no refunds.

35.     Plaintiff responded by stating that she returned the Nordic Track 2450 Treadmill on February 9, 2021, and specifically purchased the extended warranty for her Freemotion Treadmill, giving the correct serial and model number, and purchased on July 8, 2021. When the service agreement arrived in the mail, it reflected the serial and model number for the Nordic Track 2450 Commercial Treadmill.

36.     Plaintiff called UTS, and Employee No. Ut19, assisted with the call by asked  his supervisor Stephanie of UTS, why the Nordic Track 2450 Treadmill is reflecting on the extended Service plan that Plaintiff had purchased for her Freemotion Treadmill.

37.     Stephanie told Employee No. Ut19, that Fitness Warehouse Direct, is one of their retailers that purchases second hand treadmills, and the extended warranty will not cover second hand treadmills that Fitness Warehouse Direct sells.

- 8 -

38.    "Products Liability Is the name currently given to the area of the law involving the liability of those who supply goods or products for the use of others to purchasers, users, and bystanders for losses of various kinds resulting from so- called defects in those products." (Johnson v. United States Steel Corp. (2015) 240 cal.app.4th 22, 30 [192 cal.rptr.3d 158].)

39.    "A manufacturer, distributor, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." (Soule v. GM Corp. (1994) 8 Cal.4th 548, 560 [34 Cal.Rptr.2d 607, 882 P.2d 298], internal citations omitted.)

40.    "Strict liability has been invoked for three types of defects – manufacturing defects, design defects, and 'warning defects,' i.e., inadequate warnings or failures to warn." (Anderson v. Owens-Corning Fiberglas Corp. (1991) 53 Cal.3d 987, 995 [281 Cal.Rptr. 528, 810 P.2d 549].)

41.    Negligence Elements (duty, breach, causation and damages)." (Elsheref v. Applied Materials, Inc. (2014) 223 Cal.App.4th 451, 464 [167 Cal.Rptr.3d 257].)

42.    Greenman v. Yuba Power Products, Inc. (1963) 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, this court held: "A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." (Id. at p. 62, 27 Cal.Rptr. 697, 377 P.2d 897; see generally Prosser, The Fall of the Citadel, supra, 50

- 9 -

Minn.L.Rev. at pp. 803-805.)... Carlin v. Superior Court, 13 Cal.4th 1104, 56 Cal.Rptr.2d 162, 920 P.2d 1347 (Cal. 1996)

43.     "The doctrine of strict liability imposes legal responsibility, without proof of negligence, upon the manufacturer of a product that is placed on the market and proves to have a defect that causes injury. (Greenman v. Yuba Power Products (1963) 59 Cal.2d 57, 62, 27 Cal.Rptr. 697, 377 P.2d 897.)..." Carlin v. Superior Court, 13 Cal.4th 1104, 56 Cal.Rptr.2d 162, 920 P.2d 1347 (Cal. 1996)

44.     Plaintiff asserts that she has suffered injuries, and since the exposure to the chemical odor emitting from the Nordic Track Commercial 2450 Treadmill, Plaintiff has experienced, chronic shortness of breath, burning eyes, nose and throat, and persistent itching on the surface of her skin.

45.     Plaintiff contends that the off-gassing of the chemical odor from the Nordic Track Commercial Treadmill is the cause-in-fact of her injuries.


**v.      CAUSES OF ACTION**

**FIRST CAUSE OF ACTION – CACI NO. 1201**

**[Manufacturing Defect]**

**(Against All Defendants)**

**NORDIC TRACK Commercial 2450 Treadmill**

46.     The allegations set forth in paragraph 1 through 45 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

47.     Pursuant to CACI No. 1201, Manufacturing defect requires that: (1) the product contained a manufacturing defect; (2) Defendant manufactured/distributed/ sold the product; (3) the product contained a manufacturing defect when it left defendants' possession;(4) Plaintiff was harmed; (5) the product's defect was a substantial factor in causing Plaintiff's harm; (6) Plaintiff was injured while the product was being used in an intended and reasonably foreseeable manner.

48.     Plaintiff alleges that the Nordic Track 2450 Commercial Treadmill contained a manufacturing defect, and that defendants manufactured, distributed and sold the treadmill, and the treadmill contained a manufacturing defect when it left defendants' possession, Plaintiff was harmed, and the Nordic Track 2450 Commercial Treadmill was a substantial factor in causing Plaintiff's harm, and Plaintiff was injured while the Nordic Track 2450 Commercial Treadmill was being used in an intended and reasonably foreseeable manner.

49.     Here, when Plaintiff was briskly walking and doing deep breathing exercises (aerobic exercise), on the Nordic Track 2450 Treadmill and it expelled a burst of hot, steaming, offensive, chemical odor immediately started to emitted from the internal console of the treadmill, resulting in  Plaintiff inhaling all such chemical fumes, immediately causing Plaintiff to experience shortness of breath, uncontrollable coughing, itching throat, dizziness, burning eyes, and burning nostrils, resulting from exposure to the chemical odor that was emitted from the treadmill's console that Plaintiff inhaled while briskly walking and doing deep breathing exercises, this shows that

- 11 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

Plaintiff was injured while the Nordic Track 2450 Treadmill was being used in an intended and reasonably, foreseeable manner.

50.     Here, Plaintiff contends that the chemical odor emitting from the Nordic Track Commercial 2450 is the cause-in-fact of Plaintiff's injuries and economic losses. Here, "but" for the Nordic Track Commercial 2450 Treadmill emitting chemical odor, Plaintiff would not have suffered injuries and economic losses; Therefore, the Nordic Track 2450 Commercial Treadmill is the actual cause of Plaintiff's injuries and damages.

51.     Plaintiff suffered an actual personal injury from the use of the Nordic Track Commercial 2450 Treadmill.  Here, Plaintiff argues that she suffered asthma and allergy exacerbation, which are foreseeable kinds of injuries from exposure to chemical odor for respiratory, sensitive groups.

52.     Here, Plaintiff seeks special damages, general damages, expectancy damages, punitive damages, and statutory damages.

## SECOND CAUSE OF ACTION – CACI NO. 1222

### [Negligence – Duty to Warn]

### (Against All Defendants)

### NORDIC TRACK 2450 COMMERCIAL TREADMILL

53.     The allegations set forth in paragraph 1 through 45 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

- 12 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

54.     Pursuant to CACI No.1222, (1) Defendant manufactured, distributed, and sold the product; (2) Defendant knew or reasonably should have know that the product was dangerous and was likely to be dangerous when used or misused in a reasonably foreseeable manner; (3) Defendant knew and reasonably should have know that users would not realize the danger; (4) Defendant failed to adequately warn of the danger or instruct on the safe use of the product; (5) A reasonable manufacturer, distributor or seller under the same and similar circumstance would have warned of the danger and instructed on the safe use of the product; (6) Plaintiff was harmed; (7) defendant's failure to warn or instruct was a substantial factor in causing Plaintiff's harm.

55.     Plaintiff alleges that Defendants manufactured, distributed, and sold the Nordic Track 2450  Commercial Treadmill, and that  Defendants knew and reasonably should have known that the treadmill was dangerous, and likely to be dangerous when used or misused in a reasonably foreseeable manner; Plaintiff further alleges that Defendants knew and reasonably should have known that users would not realize the danger, and that Defendants failed to adequately warn Plaintiff of the danger or instruct on the safe use of the Treadmill.

56.     Plaintiff alleges that a reasonable manufacturer, distributor, or seller under the same and similar circumstance would have warned of the danger and instructed on the safe use of the product.  Plaintiff was harmed, and Defendants' failure to warn or instruct was a substantial factor in causing Plaintiff's harm.

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

57.     Plaintiff contends that Defendants owed a duty to Plaintiff to inspect ,

discover, and correct the defects of chemical odor emitting from the Nordic Track 2450

Commercial during a reasonable inspection.  Here, Plaintiff was the purchaser and user

of the Nordic Track 2450 Commercial Treadmill, a foreseeable Plaintiff, and who

suffered a foreseeable injury.  Therefore, Plaintiff was owed a duty by Defendants to

inspect, discover and correct any design defects that a reasonable inspection would

have revealed.

58.     Plaintiff contends that a breach of duty is a failure to meet a standard of

care, and as a result, arises to an unreasonable conduct.  Here, Plaintiff contends that

the Nordi Track 2450 Commercial Treadmill failed to meet the ordinary commercial

expectations of the average reasonable consumer.  Here, it's the Defendants' action

that falls below the standard of care owed to Plaintiff is the breach of duty, because

Defendants failed to use a safer design, such as a design like the Freemotion Treadmill,

if used, would have made the Nordic Track 2450 Commercial Treadmill less dangerous.

59.     "but" for the Nordic Track 2450 Commercial Treadmill emitting chemical

odor, Plaintiff would have suffered injuries and economic losses.  Therefore, Nordic

Track 2450 Commercial Treadmill emitting chemical odor in Plaintiff's face, and inside

of her rental apartment, is the actual cause of Plaintiff's injuries and damages.

60.     Plaintiff contends that Defendant negligently marketed and sold the Nordic

Track 2450 Commercial Treadmill to harm Plaintiff, and this is the proximate cause of

- 14 -

Plaintiff's injuries.  Here, it was foreseeable that Plaintiff would suffer injuries and economic losses from defendants negligently marketing and selling the Nordic Track 2450 Commercial  Treadmill that emit chemical odor for its console.

61.     Here, Plaintiff suffered an actual personal injury when the Nordic Track 2450 Commercial Treadmill expelled, chemical odor in her face and inside of her apartment. Plaintiff argues that she suffered exacerbated asthma and allergy injuries, and economic damages.  These are foreseeable kinds of injuries respiratory sensitive groups suffer from exposure to offensive, chemical odors.

62.     Plaintiff seeks general damages, actual damages, special damages, and expectancy damages.

**THIRD CAUSE OF ACTION – CACI NO. 1200**

**[STRICT LIABILITY –INADEQUATE WARNING]**

**(Against All Defendants)**

**NORDIC TRACK Commercial 2450 Treadmill**

63.     The allegations set forth in paragraph 1 through 45 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

64.     Pursuant to CACI No.1200, (1) Plaintiff was harmed by a product distributed, manufactured, and sold by Defendants that contained a manufacturing defect, or was defectively designed, or the product did not include sufficient instructions or warning of potential safety hazards.

- 15 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

65.     "A manufacturer, distributor, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." (Soule v. GM Corp. (1994) 8 Cal.4th 548, 560 [34 Cal.Rptr.2d 607, 882 P.2d 298], internal citations omitted.)

66.     Plaintiff contends that she was harmed by the Nordic Track 2450 Commercial Treadmill, and for which it was treadmill distributed, manufactured, and sold by Defendants.  Here, Defendants breached a duty to Plaintiff, because the facts do not show that Defendants gave any warning to respiratory sensitive group buyers and user, such as Plaintiff Harrison.  For this reason, Defendants breached a duty of care to Plaintiff.

67.     Plaintiff contends that the Nordic Track 2450 Commercial Treadmill contained a manufacturing defect, was defectively designed, and did not include sufficient instruction or warning of potential safety hazards to respiratory sensitive groups of the hidden danger of chemical emissions expelling from the console of the Nordic Track 2450 Commercial Treadmill.

68.     "but" for the Nordic Track 2450 Commercial Treadmill emitting chemical odor, Plaintiff would have suffered injuries and economic losses.  Therefore, Nordic Track 2450 Commercial Treadmill emitting chemical odor in Plaintiff's face, and inside of her rental apartment, is the actual cause of Plaintiff's injuries and damages.

- 16 -

69.     Plaintiff contends that Defendant negligently marketed and sold the Nordic Track 2450 Commercial Treadmill to harm Plaintiff, and this is the proximate cause of Plaintiff's injuries.  Here, it was foreseeable that Plaintiff would suffer injuries and economic losses from defendants negligently marketing and selling the Nordic Track 2450 Commercial  Treadmill that emit chemical odor for its console.

70.     Here, Plaintiff suffered an actual personal injury when the Nordic Track 2450 Commercial Treadmill expelled, chemical odor in her face and inside of her apartment. Plaintiff argues that she suffered exacerbated asthma and allergy injuries, and economic damages.  These are foreseeable kinds of injuries respiratory sensitive group suffer from, due to  exposure to offensive, chemical odors.

71.     Plaintiff seeks general damages, actual damages, special damages, and expectancy damages.

**FOURTH CAUSE OF ACTION – CACI NO. 303**

**[BREACH OF CONTRACT]**

**(Against All Defendants)**

**FREEMOTION TREADMILL**

72.     The allegations set forth in paragraph 1 through 45 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

73.     Pursuant to CACI No. 303, a breach of contract occurs when (1) Plaintiff and Defendants entered into a contract; (2) Plaintiff did all, or substantially all, of the

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

significant things that the contract required her to do; (3)Defendant failed to do something that the contract required him to do; (4) Plaintiff was harmed; (5) Defendant's breach of contract was a substantial factor in causing Plaintiff's harm.

74.     Here, Plaintiff contends that Plaintiff and Defendants entered into a contract for an Extended Service Plan for Plaintiff's  Freemotion Treadmill, and Plaintiff did all, or substantially all, of the significant things that the contract required her to do, such as provide the serial number, model number and dealer information of the Freemotion Treadmill, and then provide a credit card number for payment of $279.99.

75.     Plaintiff contends that Defendants failed to extend the covers of the service plan to her Freemotion Treadmill, instead, extending coverage to the Nordic Track 2450 Commercial Treadmill that Plaintiff returned to the retailer several months prior to purchasing the Freemotion Treadmill.

76.     Plaintiff contends that Defendants have a pre-existing duty to extend the coverage of the Manufacturer Warranty because the Freemotion Treadmill still had two-years remaining on its original manufacturer warranty,

77.     Plaintiff was harmed, and Defendants' breach of contract was a substantial factor in causing Plaintiff's harm.

78.     Plaintiff seeks general damages, actual damages, special damages, and expectancy damages.

- 18 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

79.     The elements of breach of contract are "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." (*careau & co. v. security pacific business credit, inc.* (1990) 222 cal.app.3d 1371, 1388 [272 cal.rptr. 387].)

### FIFTH CAUSE OF ACTION – CACI NO. 1231
### [IMPLIED WARRANTYOF MERCHANTABILITY]
### (Against All Defendants)
### NORDIC TRACK 2450 COMMERCIAL TREADMILL

80.     The allegations set forth in paragraph 1 through 45 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

81.     Pursuant to CACI No.1231,Implied Warranty of Merchantability exists when Plaintiff was harmed by the product she brought from Defendants, because the product  did not have the quality that a buyer would expect; (1) Plaintiff brought the product from Defendant; (2) at the time of purchase, defendants were in the business of selling these goods, or by his occupation held himself out as having special knowledge or skill regarding these goods; (3) The product was not of the same quality as those generally acceptable in the trade; (4) was not fit for the ordinary purposes for which such good are used; (5) the product did not conform to the quality established by the parties prior to dealing and by usage of trade; (6) Plaintiff took reasonable steps to notify defendant within a reasonable time that the product did not have the expected

- 19 -

quality; (7) Plaintiff was harmed; and (8) the failure of the product to have the expected quality was a substantial factor in causing Plaintiff's harm.

82.    Here, Plaintiff contends that she was harmed by the Nordic Track 2450 Commercial Treadmill that she brought from Defendants, because the treadmill did not have the quality that a buyer would expect; (1) Plaintiff brought the Nordic Track 2450 Commercial Treadmill from Defendants, and at the time of purchase, Defendant were in the business of selling these good, or by their occupation as manufacturer, and held themselves out as having special knowledge or skill regarding these goods.

83.    Plaintiff further alleges, that the Nordic Track 2450 Commercial Treadmill was not of the same quality as those treadmills generally acceptable in the trade, and nor was it fir for the ordinary purposes for which such treadmills are used for; and it did not conform to the quality established by the parties prior to dealings and by use of trade.

84.    Here, Plaintiff took reasonable steps to notify Defendants within a reasonable time that the Nordic Track 2450 Commercial Treadmill did not have the expected quality.

85.    "but" for the Nordic Track 2450 Commercial Treadmill emitting chemical odor, Plaintiff would have suffered injuries and economic losses.  Therefore, Nordic Track 2450 Commercial Treadmill emitting chemical odor in Plaintiff's face, and inside of her rental apartment, is the actual cause of Plaintiff's injuries and damages.

- 20 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

86.     Plaintiff contends that Defendant negligently marketed and sold the Nordic

Track 2450 Commercial Treadmill to harm Plaintiff, and this is the proximate cause of

Plaintiff's injuries.  Here, it was foreseeable that Plaintiff would suffer injuries and

economic losses from defendants negligently marketing and selling the Nordic Track

2450 Commercial  Treadmill that emit chemical odor for its console.

87.     Plaintiff was harmed, and the failure of the product to have the expected

quality was a substantial factor in causing Plaintiff's harm.

88.     Plaintiff seeks general damages, actual damages, special damages, and

expectancy damages.

## SIXTH CAUSE OF ACTION – CACI NO. 1232

### [IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE]

### (Against All Defendants)

### NORDIC TRACK 2450 COMMERCIAL TREADMILL

89.     The allegations set forth in paragraph 1 through 45 of this Complaint are

realleged and incorporated by reference as if fully set forth herein.

90.     Pursuant to CACI No. 1232, Implied Warranty of Fitness For a Particular

Purpose exist when, Plaintiff was harmed by the product that she brought from

Defendant, because the product was not suitable for Plaintiff's intended purpose; (1)

Plaintiff brought the product from defendant(s),and at the time of purchase, Defendant

knew and had reason to know that Plaintiff intended to use the product for a particular

- 21 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

purpose; (2) at the time of purchase, Defendant knew and had reason to know that Plaintiff was relying on his skill and judgment to select or furnish a product that was suitable for the particular purpose; Plaintiff justifiably relied on defendant's skill/judgment; (3) the product was not suitable for the particular purpose; (4) Plaintiff took reasonable steps to notify defendant within a reasonable time that the product was not suitable; (5) Plaintiff was harmed; and (6) the failure of the product to be suitable was a substantial factor in causing Plaintiff's harm.

91.     Here, Plaintiff contends that she was harmed by the Nordic Track 2450 Commercial Treadmill that she brought from Defendants, because the product was not suitable for Plaintiff's intended purpose; (1) Plaintiff brought the Nordic Track 2450 Commercial Treadmill from Defendants, and at the time of purchase, Defendants knew or had reason to know that Plaintiff intended to use the product for a particular purpose; (2) at the time of purchase, Defendants knew or had reason to know that Plaintiff was relying on his skill and judgment to select or furnish a treadmill that for suitable for the particular purpose.

92.     Here, Plaintiff contends that she justifiably relied on Defendants' skill and judgment, and that the Nordic Track 2450 Commercial Treadmill was not suitable for the particular purpose; (3) Plaintiff was harmed, and the failure of the Nordic Track 2450 Commercial Treadmill to be suitable was a substantial factor in causing Plaintiff's harm.

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

93.     "but" for the Nordic Track 2450 Commercial Treadmill emitting chemical odor, Plaintiff would have suffered injuries and economic losses.  Therefore, Nordic Track 2450 Commercial Treadmill emitting chemical odor in Plaintiff's face, and inside of her rental apartment, is the actual cause of Plaintiff's injuries and damages.

94.     Plaintiff contends that Defendant negligently marketed and sold the Nordic Track 2450 Commercial Treadmill to harm Plaintiff, and this is the proximate cause of Plaintiff's injuries.  Here, it was foreseeable that Plaintiff would suffer injuries and economic losses from defendants negligently marketing and selling the Nordic Track 2450 Commercial  Treadmill that emit chemical odor for its console.

95.     Plaintiff was harmed, and the failure of the product to have the expected quality was a substantial factor in causing Plaintiff's harm.

96.     Plaintiff seeks general damages, actual damages, special damages, and expectancy damages.

**SEVENTH CAUSE OF ACTION – CAL. CIV. CODE SECTION 17200**

("UCL") California Business and Professions Code § 17200, et seq.

Violation of California's Unfair Competition Law

(AGAINST ALL DEFENDANTS)

97.     The allegations set forth in paragraph 1 through 45 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

98.     the ("UCL") California business and professions code section 17200, et

- 23 -

seq., defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. cal. bus. the UCL imposes strict liability. plaintiff need not prove that defendants intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

99.     An unlawful business practice or act is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law. (Farmers Ins. Exchange v. Superior Court (1992) 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730**.)** Virtually any law can serve as the predicate for a section 17200 action. **(**State Farm, Fire & Casualty Co. v. Superior Court (1996) 45 Cal.App.4th 1093, 1102-1103, 53 Cal.Rptr.2d 229.) ... Klein v. Earth Elements, Inc., 69 Cal.Rptr.2d 623, 59 Cal.App.4th 965 (Cal. App. 1997).

100.    Here, when Defendants breached a contract of extended service plan for Plaintiff's Freemotion Treadmill, but instead insured the Nordi Track 2450 Commercial Treadmill that Plaintiff no longer owner, this shows that an unfair business competition exist.

**"UNFAIR" PRONG**

101.    An "unfair" business practice is "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, Inc. v. L.A. Cellular

Tel. Co., 20 Cal. 4th 163, 187 (1999).

102.   Kasky v. Nike, Inc. (2002) 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243. "defines `unfair competition' to mean and include `any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law (§ 17500 et seq.)].' (§ 17200.)" (Kasky, supra, at p. 949, 119 Cal.Rptr.2d 296, 45 P.3d 243.).

103.   In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim....' [Citation.]" (State Farm Fire & Casualty Co. v. Superior Court, supra, 45 Cal.App.4th at pp. 1103-1104, 53 Cal.Rptr.2d 229.) In general, the "unfairness" prong "has been used to enjoin deceptive or sharp practices...." ( Samura v. Kaiser Foundation Health Plan, Inc. (1993) 17 Cal.App.4th 1284, 1299, fn. 6, 22 Cal.Rptr.2d 20.)... Klein v. Earth Elements, Inc., 69 Cal.Rptr.2d 623, 59 Cal.App.4th 965 (Cal. App. 1997).

**"FRAUDULENT" PRONG "**

104.   A fraudulent business practice is one which is likely to deceive the public. (Massachusetts Mutual Life Ins. Co. v. Superior Court (2002) 97 Cal.App.4th 1282 1290, 119 Cal.Rptr.2d 190; accord, Bank of the West v. Superior Court (1992) 2 Cal.4th 1254 1267, 10 Cal.Rptr.2d 538, 833 P.2d 545.).

105.   It may be based on representations to the public which are untrue, and "`also those which may be accurate on some level, but will nonetheless tend to mislead or deceive. . ... A perfectly true statement couched in such a manner that it is likely to

- 25 -

mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under'" the UCL. (Massachusetts Mutual Life Ins. Co., supra, at pp. 1289-1290, 119 Cal. Rptr.2d 190; Prata v. Superior Court (2001) 91 Cal.App.4th 1128 1137, 111 Cal. Rptr.2d 296.).

106.    The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer. (Lavie v. Procter & Gamble Co. (2003) 105 Cal.App.4th 496, 507, 129 Cal.Rptr.2d 486.) ... McKell v. Washington Mut., Inc., 49 Cal. Rptr. 3d 227, 142 Cal. App.4th 1457 (Cal. App. 2006).

107.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public. Defendants' acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public.

108.    Here, Plaintiff relied on Defendants' skill and judgment to extend the manufacturer warranty to the Freemotion Treadmill, and also to select or furnish a treadmill suitable for Plaintiff uses.

109.    Plaintiff contends that  These misrepresentations played a substantial role in Plaintiff's decision to purchase both the Nordic Track 2450 Commercial Treadmill, and the Freemotion Treadmill.

110.    Here,   Plaintiff would have had the delivery person return the Nordic Track 2450 Commercial Treadmill if Plaintiff would have seen a warning clause for asthma and

- 26 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

allergy suffers stated  in the instructional manual for the Nordi Track 2450 Commercial Treadmill.

111.    Here, Plaintiff would have not purchased the Extended warranty for the Freemotion Treadmill, if Defendants would have told her that manufacturer warranty could not be extended on a second hand product.

112.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

113.    A practice is "unlawful" if it violates a law other than the UCL. Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992).  A plaintiff may bring an action under the UCL even if the underlying law does not authorize private actions. Zhang v. Super. Ct., 57 Cal. 4th 364, 369 (2013).


**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(1)    Judgment in favor of Plaintiff;

(2)    Plaintiff recovers Damages-of-pocket expenses and fees;

(3)    Injunctive and equitable relief in the manner to be determined by law;

(4)    Such other and further relief as the Court deems just;

(5)    Plaintiff receives an award of punitive damages.

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION

Dated: 12/30/2021

**VERIFICATION OF PLEADING**

**(CALIFORNIA CODE OF CIVIL PROCEDURE §§446, 2015.5)**

**State Of California)**

**County Of San Francisco)**

I am the Plaintiff in the above-entitled matter.  I have read the foregoing Complaint, and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true. Executed on the 30th Day of December, 2021, at San Francisco, San Francisco County, California.

I declare (or certify) under penalty of perjury that the foregoing is true and correct.

Dated: 12/30/2021

- 28 -

INITIAL COMPLAINT FOR DAMAGES
AND INJUCTION